## Shearer v. Prewitt, et al.

(Decided November 23, 1916.)

### Appeal from Mercer Circuit Court.

Ferries—Landing—Right of Boats Operated as Common Carriers to Use Landing.—Where both the road leading to the ferry landing and the landing itself are located on the land of the owner of the ferry franchise and the landing has never been dedicated to the public generally, the right of the public to use the road and landing for the purpose of crossing the river on the ferry line, or for the purpose of transporting themselves and their property across the stream, does not convert the landing into a public one for all purposes.  With respect to the owners of steamboats navigating the river as common carriers, the landing is private, and they have no right, without the consent of the owner of the ferry franchise, to use the landing for the purpose of receiving and discharging passengers and freight.

J. F. VANARSDALL for appellant.

R. W. KEENON, BACON R. MOORE and CHAS. H. MORRIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, O. F. Shearer, is the owner of a freight and passenger boat, which he operates as a common carrier on the Kentucky River and its tributaries.  Defendants, George Prewitt and J. M. Prewitt, are residents of Mercer County and own and operate a ferry across the Kentucky River at a point near High Bridge. Plaintiff brought this suit to enjoin the defendants from interfering with his right to use the ferry landing on the Mercer County side for the purpose of receiving and discharging freight and passengers.  The relief prayed for was denied on the ground that the use of the landing in question by plaintiff would interfere with the defendants' franchise.  Plaintiff appeals.

It appears that the ferry in question was established many years ago pursuant to statute. It runs from a point on the Mercer County shore of the Kentucky River, a navigable stream, to a point on the Jessamine County shore of that river. Defendants not only own the ferry, but own the land on both sides of the river where the landings are located. The public road on the Mercer County side runs to within a few yards of the Mercer County landing. From that point to the landing the defendants have constructed over their own land a road. Plaintiff has no ferry privilege, but is engaged in transporting freight and passengers up and down the Kentucky River. He owns a landing on the Jessamine County side, but owns no landing on the Mercer County side. He predicates his right to land at defendants' ferry landing on the Mercer County side on the fact that the road leading to the landing and across the river is a public road, and that the landing in question is the only point on the Mercer County side where passengers and freight may be received and discharged. Defendants base their refusal to grant the privilege on the ground that, so far as other boats are concerned, the landing is altogether private, and on the further ground that the use of the landing by plaintiff would interfere with defendants' franchise and the obligations imposed upon them by law. To this end there was evidence tending to show that the landing was only about thirteen feet wide and not large enough to permit plaintiff's boat and the ferry boat to land at the same time.

The right of navigation is not involved in this case. The question is, does the right to navigate a boat as a common carrier carry with it the right to use the ferry landing without the consent of the owner? The rule seems to be that unless the landing is a public one it cannot be used by the public generally, but the right of use is confined to cases of necessity, where, in the proper exercise of the right of passage, it becomes unavoidable that one should make use of the bank for purposes of landing, or fastening his craft in the prosecution of his passage. Washburn on Easements, page 554; Bainbridge v. Sherlock, 29 Ind. 364. Furthermore, piers or landing places and even wharves, may be private, or they may be in their nature public, although the property may be in an individual owner; or, in other words, the owner may have the right to the exclusive enjoy-

ment of the structure, and to exclude all other persons from its use; or he may be under obligation to concede to others the privilege of landing their goods, or of mooring their vessels there, upon the payment of a reasonable compensation or wharfage; and whether they are the one or the other may depend, in case of dispute, upon several considerations, involving the purpose for which they were built, the uses to which they have been applied, the place where located, and the nature and character of the structure. Dutton v. Strong, 1 Black. 23, 17 L. Ed. 29. Here the owners of the ferry franchise also own the shore on which the landing in question is located. The ferry privilege is exclusive within certain limits and is a property right that is clothed with the same sanctity and entitled to the same protection as any other class of property. Willis v. Calhoun, 145 Ky. 95; Conway v. Taylor, 66 U. S. 603; 17 L. Ed. 191. There is no proof that the landing has ever been dedicated generally to the public for all purposes. The road leading to the landing and the landing itself were constructed solely for ferry purposes. While the public may have the right to use the road and landing for the purpose of crossing the river on the ferry line, or even for the purpose of transporting themselves and their property across the stream, it is only in this sense that the landing is a public one. This right does not confer upon all owners of steamboats navigating the river as common carriers the additional right to receive and discharge passengers and freight at the landing which is used solely by the public for ferry purposes. In other words, the use of the landing by the public for ferry purposes, to which alone it has been dedicated, does not make the landing a public one for other than ferry purposes. With respect to plaintiff and others similarly situated, the landing must, therefore, be regarded as a private one. That being true, plaintiff is not entitled to land his boat there without the consent of the defendants.

Judgment affirmed.